The opinion of the court was delivered by
Breaux, J.
The defendant was convicted and sentenced for stealing two heifers.
The indictment charged that ha “ did steal, take and carry two heifers,” omitting, presumably by oversight, the word “away.”
He moved in arrest of judgment on the ground that the indictment failed to charge an asportation of the property.
Without contradiction larceny is the felonious stealing, taking and carrying away personal property of another.
It none the less remains true that in an indictment an offence may be charged in words conveying the meaning of the statute.
The defendant is unquestionably charged with taking and carrying away feloniously the goods and chattels' of another. The words as used charge an asportation of the property. Mr. Bishop in his work on Criminal Procedure, p. 698, 3d Ed., says:
“‘Carry away,’ ‘ lead away’ or ‘drive away,’ are probably unnecessary where the word steal is employed, for it includes their meaning.”
*1484 The point has not been decided heretofore by this court. We have sought support by reference to decisions of courts in other jurisdictions.
We find that in the State vs. Chambers (2 Green’s Report, 808) the Supreme Oourt of Iowa held that the word “ steal” means the felonious taking and carrying away of the goods of another. Again, in the State vs. Mann, 25 Ohio, 668, in an indictment for larceny of a sheep, it was charged that the defendant did feloniously steal, take and drive the sheep, without alleging that he drove or carried it “away;” it was held that the indictment sufficiently described the offence, for the reason that the word “ steal ” implied a carrying away. Lastly, in the United States Digest, New Series, Vol. VII, 1876, p. 516, No. 33, we find “The word steal in an indictment implies a carrying away.”
Without expressing any opinion as to whether “ steal ” is as all-embracing in meaning as stated in the cited authorities, we think the indictable offence is clearly and specifically charged. The charge of “asportation” would not be more evident if the word “ away ” had been written in the indictment.
If one feloniously steals, takes and carries goods and chattels, there must be asportation. The character of the offence is set forth and the defendant could not be misled.
This being the case we can but regard the indictment as sufficient.
Judgment affirmed.